USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                       :

In re FERRIS A. CHRISTIAN, SR.,        :

                                     Debtor.   :           1:25-cv-574-GHW
-----------------------------------------------------------------X
                                                      :              ORDER

FERRIS A. CHRISTIAN, SR.,            :

                                Appellant,  :

        v.                                      :

UNITED STATES TRUSTEE,           :

                                Appellee.  :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On January 21, 2025, *pro se* Appellant Ferris Christian, Sr. ("Appellant") filed a notice of appeal from a December 5, 2024 judgment entered in the United States Bankruptcy Court for the Southern District of New York. *See* Dkt. No. 1. On January 26, 2025, the Court ordered that Appellant's brief in support of his appeal must be served and filed by February 27, 2025. Dkt. No. 5.

On February 12, 2025, Appellant filed a letter attaching a "Labor Standards Complaint Form" alleging that a non-party to this appeal owed him damages for unpaid wages and unfair labor practices. Dkt. No. 7. On February 13, 2025, the Court issued an order explaining that it would not act on Appellant's letter because "this case is an appeal from a December 5, 2024 judgment entered in" bankruptcy court, and that "[o]nly the bankruptcy court's judgment is at issue in this case." Dkt. No. 8.

On February 28, 2025, Appellant filed an application for a subpoena directed at "Wells Fargo Bank" and purporting to name as defendants two non-parties to this case, Antoinette Crawford and Leo Gagion. Dkt. No. 9. On March 3, 2025, Appellant filed an affidavit of service of the purported subpoena. Dkt. No. 10.

The Court will not act on Appellant's February 28, 2025 application for a subpoena and his March 3, 2025 affidavit of service of the purported subpoena because they do not relate to this appeal. The Court reiterates that the only issue in this case is Appellant's appeal from the December 5, 2024 judgment entered in the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 1. No filings should be made in this case other than ones filed directly in connection with Appellant's appeal from the bankruptcy court's judgment. The Court and Clerk of Court will take no action on any other matter filed on this docket. If Appellant wishes to raise any issues or complaints distinct from the matter at issue in this case, he must do so in a separately filed lawsuit.

Appellant is also reminded that his deadline to file a brief in support of his appeal in this case was February 27, 2025. Dkt. No. 5. It is now March 6, 2025, and Appellant has not submitted anything to the Court that relates to this appeal. The Court will extend Appellant's deadline by two weeks to March 13, 2025, in light of Appellant's *pro se* status. Appellant must file his brief in support of the appeal in this case by that date. Appellant should not expect that the Court will further extend this deadline. Nor will a submission unrelated to this appeal suffice to satisfy Appellant's obligation to meet this deadline. A failure to file a brief in support of this appeal by March 13, 2025 will result in the dismissal of this case without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 6, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge