```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re FERRIS A. CHRISTIAN, SR.,

                                 Debtor.                                    1:25-cv-574-GHW
-----------------------------------------------------------------X
FERRIS A. CHRISTIAN, SR.,                           ORDER

                                Appellant,

          v.

UNITED STATES TRUSTEE,

                                Appellee.
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       On January 21, 2025, *pro se* Appellant Ferris Christian, Sr. ("Appellant") filed a notice of appeal from a December 5, 2024 judgment entered in the United States Bankruptcy Court for the Southern District of New York.  *See* Dkt. No. 1.  On January 26, 2025, the Court ordered that Appellant's brief in support of his appeal must be served and filed by February 27, 2025.  Dkt. No. 5.

       On February 12, 2025, Appellant filed a letter attaching a "Labor Standards Complaint Form" alleging that a non-party to this appeal owed him damages for unpaid wages and unfair labor practices.  Dkt. No. 7.  On February 13, 2025, the Court issued an order explaining that it would not act on Appellant's letter because "this case is an appeal from a December 5, 2024 judgment entered in the United States Bankruptcy Court for the Southern District of New York."  Dkt. No. 8.

       On February 28, 2025, Appellant filed an application for a subpoena directed at "Wells Fargo Bank" and purporting to name as defendants two nonparties to this case, Antoinette Crawford and Leo Gagion.  Dkt. No. 9.  On March 3, 2025, Appellant filed an affidavit of service of the purported subpoena.  Dkt. No. 10.  These filings, too, bore no relevance to this case.

Accordingly, on March 6, 2025, the Court issued an order explaining that it would not act on those filings either, and "reiterat[ing] that the only issue in this case is Appellant's appeal from the December 5, 2024 judgment" in bankruptcy court. Dkt. No. 11.

The Court's March 6, 2025 order also "reminded [Appellant] that his deadline to file a brief in support of his appeal in this case" had passed on February 27, 2025, and that he had still "not submitted anything to the Court that relates to this appeal." *Id.* The Court "extend[ed] Appellant's deadline by two weeks to March 13, 2025, light of Appellant's *pro se* status." *Id.* The Court stated, however, that "Appellant should not expect that the Court will further extend this deadline," and that "[a] failure to file a brief in support of this appeal by March 13, 2025 will result in the dismissal of this case without prejudice." *Id.*

Appellant has failed to meet his March 13, 2025 deadline to file a brief in support of this appeal. It is now March 17, 2025, and Appellant has not submitted anything to the Court since the Court's order extending his deadline. Accordingly, this action is DISMISSED without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Appellant by certified mail and to close this case.

SO ORDERED.

Dated: March 17, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

2